UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.  12cv3069-MWB |
| v. | ) ) | **COMPLAINT** |
| MBM CORPORATION, | ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 to correct unlawful employment practices on the basis of race (black) and to provide appropriate relief to Justin Green and other aggrieved black employees, who were adversely affected by such practices. As alleged with greater particularity below, the U.S. Equal Employment Opportunity Commission (the "Commission") alleges that Defendant, MBM Corporation, ("Defendant" or "MBM") discriminated against Green and other aggrieved black employees because of their race, black, when it failed to remove and failed to take reasonable action to prevent racist graffiti for a period of approximately three months.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the Northern District of Iowa.

## PARTIES

3.     Plaintiff, the Equal Employment Opportunity Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.     At all relevant times, the Defendant has been continuously doing business in the City of Mason City, in the State of Iowa, and has continuously had at least 15 employees.

5.     At all relevant times, the Defendant has been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

## STATEMENT OF CLAIMS

6.     More than thirty days prior to the institution of this lawsuit, Justin Green ("Green") filed a charge with the Commission alleging violations of Title VII by MBM.

7.     On July 31, 2012 the Commission found reasonable cause to believe that MBM had violated Title VII.

8.     On July 31, 2012, August 1, 2012, and August 21, 2012 the Commission invited the parties to engage in conciliation.

9.     On August 30, 2012, the Commission informed the parties that it was unable to secure from the Defendant a conciliation agreement acceptable to the Commission.

10.     All conditions precedent to the institution of this lawsuit have been fulfilled.

11.     Since at least May 20, 2011, the Defendant has engaged in unlawful employment practices at its facility in Mason City, Iowa, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) by condoning the racial harassment of Green and other aggrieved black employees because of their race.

12. More specifically, on or about May 20, 2011, Green complained to his supervisor that racist graffiti, including the statement "N*****S STINK" and a swastika were visible in the men's restroom near the dock.

13. Despite Green's complaint, the graffiti remained fully visible through at least June 19, 2011.

14. On or about June 27, 2011, Green noticed that the original racist graffiti statement had been blacked out but a new racist graffiti statement, "KKK I hate N*****s" now appeared in the men's room.

15. Racist graffiti remained constantly visible in the men's room through August 23, 2011, when the walls were cleaned. The cleaning of the men's room walls only obscured but did not completely remove the racist graffiti.

16. On or about September 28, 2011, Green was asked by District Manager David Bayne and Regional Safety Manager Linda Johnson to explain the complaint that he had filed with the Commission. Green explained that the graffiti remained clearly visible for at least 3 months and that he did not have to deal with it.

17. Shortly thereafter, the men's restroom was painted, finally removing the racist graffiti completely.

18. Throughout the entire period of time that racist graffiti was visible in the men's room, MBM supervisors, including Green's supervisor were seen using the men's room in which the racist graffiti appeared.

19. Despite members of management frequently using the men's room, the racist graffiti was not removed and no effective action was taken to discover the author of the graffiti, or to otherwise prevent future graffiti.

20. William Davis and Calvin Jones, both black, also observed the racist graffiti.

21.     The effect of the practices complained of in paragraphs 11-20 above have been to deprive Green and other aggrieved black employees of equal employment opportunities and otherwise adversely affect their employment status because of their race, black, by subjecting them to a racially hostile work environment that was condoned by management.

22.     The unlawful employment practices complained of in paragraphs 11-20 were and are intentional.

23.     The unlawful employment practices complained of in paragraphs 11-20 above were done with malice or with reckless indifference to the federally protected rights of Green and other aggrieved black employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant MBM Corporation, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in or tolerating harassment based upon race.

B.     Order Defendant MBM Corporation to institute and carry out policies, practices, and programs which provide equal employment opportunities for black employees, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant MBM Corporation to make whole Justin Green and other aggrieved black employees by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 10-19 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

D. Order Defendant to pay Justin Green and other aggrieved black employees punitive damages for its malicious and reckless conduct described in paragraphs 10-19 above, in amounts to be determined at trial.

E. Grant such further relief as the Court deems necessary and proper in the public interest.

F. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

David Lopez
General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
131 M Street, N.E.
Washington, D.C. 20507

John C. Hendrickson
Regional Attorney

Dated: September 25, 2012

s/Jean P. Kamp_____
Associate Regional Attorney

EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
Milwaukee Area Office
310 West Wisconsin - Suite 800
Milwaukee, WI 53202
*Telephone*: (414) 297-3548
*Fax:* (414) 297-3146

*E-mail*: john.hendrickson@eeoc.gov
*E-mail*: jean.kamp@eeoc.gov